**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **JEANETTE MATEO** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **JON M. SULLIVAN** | : | **NO.  02-CV-4596** |
| | : | |


**ORDER**

AND NOW, this ____ day of September 2003, upon consideration of Plaintiff's Motion to Reinstate Civil Action, it appearing that:

A.    Plaintiff filed a complaint against Jon M. Sullivan on July 10, 2002, for alleged injuries arising out of a motor vehicle accident which occurred on July 10, 2000, in Maple Shade, New Jersey.

B.    Plaintiff did not serve the summons and complaint on defendant within the required 120 day period.  After notification by the court, plaintiff's complaint was dismissed without prejudice for failure to prosecute on November 21, 2002.

C.    Plaintiff has now asked the court to reinstate her civil action by a Motion to Reinstate Civil Action filed September 3, 2003.

D.    If Plaintiff's case is not reinstated and additional time allowed for service, her cause of action will be precluded since the statute of limitations has now run.[1]

E.    Pursuant to Fed. R. Civ. P. 4(m) a plaintiff must provide service of the summons and complaint within 120 days of the filing of a cause of action.  The rule also provides that a district court may grant an extension

---

[1]The prior dismissal was without prejudice as required by Rule 4(m) which would allow the Plaintiff to refile her complaint as if had never been filed.  However, the statute of limitations would be a valid defense in Pennsylvania and New Jersey.

of time for service of process provided that good cause
is shown for the failure to do so within the 120-day
time period.

B.    The court also maintains discretionary power to grant
an extension of time in order to allow for service of
process "even if there is no good cause shown."
Henderson v. United States, 517 U.S. 654, 662
(1996)(quoting Fed. R. Civ. P. 4 advisory committee's
note).

C.    Defendant allegedly prevented service of process by
falsifying his name.  Such conduct would justify an
extension of time to serve process.  See Ditkof v.
Owens-Illinois, Inc., 114 F.R.D. 104 (E.D. Mich. 1987).

E.    Federal Rule of Civil Procedure 60(b)(3) permits relief
from a final order based on "fraud, (whether heretofore
denominated intrinsic or extrinsic), misrepresentation
or other misconduct of an adverse party," if the motion
is filed within one year after the order was entered.

F.    Defendant's actions to frustrate and evade process by
falsifying his name would constitute misconduct
sufficient to vacate the previous order.

It is hereby **ORDERED** as follows:

1.    Plaintiff's motion is deemed a Motion for Relief from
Judgment pursuant to Rule 60(b)(3).

2.    The previous order of this court entered November 22,
2002, dismissing the case without prejudice is vacated
and this action is reinstated on the docket.

3.    Plaintiff shall serve Defendant with the Summons and
Complaint within sixty (60) days of the date of this
Order.

Norma L. Shapiro, S.J.