UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEANETTE MATEO                         : CIVIL ACTION
    V.                                     :
                                          :
JON M. SULLIVAN                    :
                                         :
                                          : NO. 02-CV-4596

**ANSWER OF DEFENDANT, JON SULLIVAN TO
PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

      Defendant, Jon Sullivan, by and through his attorneys, Margolis Edelstein and William D. Longo, Esquire, hereby respond to the Plaintiff's Complaint as follows:

      1.      Admitted.

      2.      Denied. It is specifically denied that defendant, Jon Sullivan resides at 6327 Mifflin Avenue, Harrisburg, Pennsylvania, 17111.

      3.      Denied.  The allegations in Paragraph 3 represent conclusions of law to which no response is required.

      5.      The allegations in Paragraph 5 are conclusions of law to which no response is required.

      6.      The allegations in Paragraph 6 are conclusions of law to which no response is required.

      7.      Answering defendant incorporates by reference the allegations contained in Paragraphs 1 through 6 as though the same were more fully set forth herein.

      8.      Denied.  After reasonable investigation answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies those allegations and demands strict proof thereof at the time of trial.

      9.      Denied. It is specifically denied that Defendant, Jon Sullivan was careless, reckless

or negligent in any of the ways set forth in Paragraph 9 of the Plaintiff's Complaint. By way of further answer, it is specifically denied that Defendant, Jon Sullivan operated a motor vehicle on or about July 10, 2000 in a negligent, careless or reckless manner so as to cause the plaintiff's vehicle to strike a third vehicle. By way of still further answer, the allegations in Paragraph 9 are conclusions of law to which no response is required.

## COUNT ONE

10. Answering defendant incorporates by reference the allegations contained in Paragraphs 1 through 9 as though the same were more fully set forth herein.

11. Denied. It is specifically denied that defendant, Jon Sullivan was negligent, careless, reckless and/or negligent by way of omission in any of the ways set forth in Paragraph 11 (a-h). By way of further answer, it is specifically denied that defendant, Jon Sullivan, on July 10, 2000, while operating a motor vehicle, collided his vehicle with the plaintiff's vehicle, or caused the plaintiff's vehicle to collide with a third vehicle. By way of further answer, the allegations in Paragraph 11 are conclusions of law to which no response is required.

12. Denied. It is specifically denied that defendant Jon Sullivan was negligent, careless, reckless or negligent by way of omission in any of the ways set forth in Paragraph 12 of the Plaintiff's Complaint. By way of further answer, it is specifically denied that defendant, Jon Sullivan, by his actions or inactions caused plaintiff to suffer any injuries as alleged in Paragraph 12, said injuries being denied herein. By way of still further answer, the allegations in Paragraph 12 are conclusions of law to which no response is required.

13. Denied. It is specifically denied that defendant Jon Sullivan was negligent, careless, reckless or negligent by way of omission in any of the ways set forth in Paragraph 13 of the Plaintiff's Complaint. By way of further answer, it is specifically denied that defendant, Jon Sullivan, by his actions or inactions caused plaintiff to suffer any injuries as alleged in Paragraph 13, said injuries being denied herein. By way of still further answer, the allegations in Paragraph 13 are conclusions of law to which no response is required.

**WHEREFORE**, defendant, Jon Sullivan demands judgment in his favor and against the plaintiff, plus costs of suit.

### FIRST AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred and/or limited under the Pennsylvania Motor Vehicle Financial Responsibility Law and/or the New Jersey Motor Vehicle No-fault Statute.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint should be dismissed for lack of jurisdiction because the amount in controversy does not exceed $75,000.00, exclusive of interests and costs.

### THIRD AFFIRMATIVE DEFENSE

The plaintiffs claims as set forth in the Complaint are barred or limited to the contributory and comparative negligence of the plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiffs claims as set forth in the Complaint are barred because of voluntary assumption of the risk.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiffs claims are barred and/or limited by the sudden emergency doctrine.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff did not sustain a "serious injury" as defined in the Pennsylvania Motor Vehicle Financial Responsibility Law and/or the New Jersey Motor Vehicle No-fault Statute and, therefore, plaintiff is barred from recovering any non-economic damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs claims are due in whole or in part to an act or acts of commission or omission of persons, parties or entities other than the answering defendants and over whom the answering defendants had no control or right of control.

.

. ### EIGHTH AFFIRMATIVE DEFENSE

All of Plaintiffs claims are limited and/or barred by the Statute of Limitations applicable to this matter under either Pennsylvania or New Jersey Law.

MARGOLIS EDELSTEIN

_____
WILLIAM D. LONGO, ESQUIRE
Attorney for Defendant,
Attorney for Defendant, Jon M. Sullivan
I.D. No. 59826
The Curtis Center - Fourth Floor
Independence Square West
Philadelphia, PA 19106-3304
(215) 922-1100