IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEANNETTE MATEO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JON M. SULLIVAN | : | NO. 02-4596 |

### ORDER

    AND NOW, this    day of September, 2004, it appearing that a request for trial *de novo* has been filed, it is **ORDERED** that:

    1.  Pretrial memoranda in accordance with Fed. R. Civ. P. 26 as amended, Local Rule 16.1(c), and the rules of this judge as stated in the Handbook of Pre-Trial and Trial Practices and Procedures of the United States District Court for the Eastern District of Pennsylvania (available from the Clerk of Court or the Philadelphia Bar Association, or on-line at www.paed.uscourts.gov, under Judge Shapiro's procedures) shall be filed as follows:

    Plaintiff - on or before **October 14, 2004**
    Defendant - on or before **October 28, 2004**

    Plaintiff shall propose stipulated facts. Defendant shall state agreement or disagreement with each of plaintiff's proposed stipulated facts and may counter-propose stipulated facts to which plaintiff is obligated to respond prior to the final pretrial conference.

    Exhibits shall be provided to the court with the final pretrial memoranda. In accordance with Fed. R. Civ. P. 26(a)(3), listed exhibits shall be numbered and **premarked** for use at trial; no exhibit shall be listed unless it is already in the possession of opposing counsel. **Only listed exhibits may be used at trial** except by leave of court.

    As to documents listed in accordance with Fed. R. Evid. 803(6), as amended, notice in accordance with Fed. R. Evid. 903 (11) or (12) must be given **no later than two weeks prior to the date the final pretrial memorandum is due.**

    All witnesses as to liability and damages should be listed. Only listed witnesses may testify at trial except by leave of court. Any party who intends to use deposition testimony at trial must submit deposition designations, counter-designations and objections in the final pretrial memorandum.

    If it is believed that any additional discovery is necessary, it must be specifically requested, with the justification stated, in the pretrial memorandum.

    **Any other pretrial or trial matter requiring attention of the judge prior to trial, including but not limited to subjects for consideration at pretrial conferences listed in Fed. R. Civ. P. 16(c)(1-16), shall be specifically addressed in the final pretrial memorandum.**

**Any motions for summary judgment or other pretrial motions must be filed on or before the due date of the moving party's pretrial memorandum**; an answer to any such motion must be filed within the time provided by the Rules of Civil Procedure. No reply is contemplated. Oral argument on any such motions will be heard at the final pretrial conference.

2. The final pretrial conference will be held on **NOVEMBER 18, 2004** at **4:00 p.m.** Trial counsel must attend. It is the responsibility of any trial counsel who cannot attend to contact the court as soon as any conflict becomes known so the court may consider rescheduling the conference. **Unless the court has otherwise granted permission, whoever attends the final pretrial conference will try the case.**

3. This case will be placed in the non-jury trial pool on **NOVEMBER 19, 2004**, subject to call on 48 hours' notice in accordance with the standing rule of this court as published in *The Legal Intelligencer*. **On or before the date of trial, the parties shall submit proposed findings of fact and conclusions of law, preferably on a computer disk in Word Perfect format.**

_____
Norma L. Shapiro, S.J.