IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEANETTE MATEO<br>　　　　Plaintiff<br><br>　　　v.<br><br>JON M. SULLIVAN<br>　　　　Defendant | :<br>:<br>:  Civil Action No. 02 CV 4596<br>:<br>:<br>:<br>: |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

**STATEMENT OF FACTS**

**Introduction:**

1. This lawsuit involves a two car accident that occurred on or about July 10, 2000 in Maple Shade, New Jersey. Defendant Jon Sullivan operated his vehicle in a careless and negligent manner by making an improper u-turn at a clearly marked intersection which did not provide for said turn. As a result of the accident, Plaintiff sustained severe and permanent injuries more particularly set forth herein. Plaintiff wishes to respond to Defendant's Motion and provide necessary documentation concerning the nature, extent and severity of Plaintiff's injuries as well as the inaccurate legal opinion expressed within Defendant's Motion. (See Plaintiff's Complaint and Maple Shade Police Report attached as Exhibits "A" and "B").

2. Admitted.

3. Admitted. It is admitted that Plaintiff's counsel has not submitted a Certificate of Permanency pursuant to N.J.S.A. 39:6A-8. However, as is indicated in the New

Jersey Supreme Court case of <u>Casinelli v. Manglapus</u> 181 N.J. 354, 2004, Plaintiff's failure to supply said Certificate of Permanency does not provide for the dismissal of Plaintiff's action. (See Exhibit "C").

4. Admitted.

5. Admitted. (See hospital records attached as Exhibit "D").

6. Admitted in part and denied in part. It is admitted that Plaintiff was treated by Dr. Liebman for a significant period of time. However, Plaintiff's injuries included cervical complaints as well as radicular symtomatology into her arms and hands. (See medical records of Dr. Liebman attached as Exhibit "E").

7. Admitted in part and denied in part. It is admitted that Plaintiff was treated by Dr. Shiva Gopal. However, it is denied that there is no relationship between Plaintiff's hearing loss and said accident. (See medical records of Dr. Gopal attached as Exhibit "F").

8. Denied. Dr. Stuart Dubowitch's medical records clearly indicate the nature, extent and severity of Plaintiff's injuries. (See medical records of Dr. Dubowitch attached as Exhibit "G").

9. Admitted in part and denied in part. It is admitted that Plaintiff's EMG test revealed a left side C6-C7 radiculopathy. However, it is denied that other objective testing was normal as Plaintiff still was suffering from continued spasm and pain at the date of her medical discharge.

10. Admitted. (See Exhibit "H")

11. Admitted.

12. Admitted.

13. Admitted in part and denied in part. It is admitted that Plaintiff has complaints in her cervical region. However, Plaintiff still has additional symptoms associated with other areas of her body.

14. Denied. Plaintiff does not engage in all activities as she did prior to said accident.

**LEGAL ARGUMENT**

I. **PLAINTIFF HAS PIERCED THE VERBAL THRESHOLD AS SHE HAS DEMONSTRATED A PERMANENT SERIOUS INJURY CAUSED BY THE UNDERLYING ACCIDENT**

Defendant incorrectly cites the appropriate authority pursuant to New Jersey law as to the requirements pursuant to the New Jersey Verbal Threshold. Based upon positive EMG results as well as the permanency assessment of Dr. Liebman in his medical discharge as well as that of Dr. Dubowitch, Plaintiff has clearly sustained a severe and permanent injury associated with said automobile accident. As indicated in Defendant's Motion, Defendant submits that Plaintiff has sustained an objective injury within the specific requirement of the New Jersey Verbal Threshold. It appears from Defendant's moving papers that Defendant contends that Plaintiff did not suffer a serious impact as a result of said accident. In a review of Plaintiff's deposition transcript, it is clear that she currently has an inability to lift heavy objects, care for her children, as well as engage in significant recreational activity. The issue to determine whether Plaintiff's injuries are deemed serious is clearly a question within the control of the jury. Specifically, Plaintiff was asymptomatic and required no medical care prior to this automobile accident. In essence, she was in excellent physical health. Subsequent to this accident, she has sustained severe and permanent nerve injury as per her EMG results. Furthermore, trigger point injections were required in an effort to relieve continued spasms associated with the cervical and shoulder regions. After attempts at resolution, it is clear that the cervical shoulder issues remain. In

addition, headaches emanating from the cervical region continue to plague Plaintiff and require her to limit the nature and extent of her home and recreational activity.  In fact, Defendant concedes in said Motion papers that Plaintiff cannot perform all of her pre accident activities.  As such, Plaintiff should clearly be entitled to pursue this matter for jury determination on whether said accident has had a severe impact on her lifestyle.

**II       SUMMARY JUDGMENT IS NOT APPROPRIATE IN THE ABOVE-CAPTIONED MATTER**

As previously indicated, the issue of whether Plaintiff's injuries have had a serious impact on her life fall within the gambit of jury control.  As such, Plaintiff should be entitled to have this matter adjudicated before a jury of her peers and allow said panel to determine the nature, extent and severity of these injuries on Plaintiff's lifestyle.  Clearly, there are complaints which continue to this day over four (4) years post accident.  As such, Plaintiff respectfully requests the opportunity to have her day in Court and have the facts in this matter presented for jury determination.

**III      DEFENDANT WAS NEGLIGENT IN THE ABOVE-CAPTIONED MATTER**

Clearly, Defendant made an illegal u-turn causing the above-referenced accident.  The illegal u-turn will be confirmed by Plaintiff's husband who is a Camden Police Officer who was driving at the time of the accident, an independent driver involved in said accident as well as the respective police officer from the Maple Shade Police Department.  As such, Defendant's failure to abide by  motor vehicle statute in making said illegal u-turn should be brought before the jury to determine Defendant's culpability for said accident.

### IV PLAINTIFF HAS ABIDED BY 39:6A-8

Defendant attempts to dismiss this action based upon Plaintiff's failure to provide a Certificate and/or Affidavit of Permanency. As indicated in the attached case of <u>Casinelli v. Manglapus</u>, this matter should not be dismissed based upon Plaintiff's failure to provide said affidavit. Rather, Plaintiff's expert reports clearly delineate permanency in the medical opinions expressed by Plaintiff's treating physicians. Furthermore, Plaintiff submits that there has never been any issue pertaining to whether Plaintiff's injuries were permanent in nature prior to the above application by defense. Should Defendant have requested this information, said Affidavit could have clearly been presented prior to the upcoming trial date. Plaintiff submits that the necessary permanency requirement has been met based upon the voluminous medical documentation submitted herein.

### V CONCLUSION

Based upon the foregoing, Plaintiff would respectfully request that Defendant's Motion for Summary Judgment be denied.

                   SAFFREN & WEINBERG

                By:_____
                  MARC A. WEINBERG, ESQ.
                  ATTY. I.D. NO.: 60643
                  815 Greenwood Avenue
                  Suite 22
                  Jenkintown, PA 19046
                  (215) 576-0100
                  Attorney for Plaintiff

## **CERTIFICATION OF SERVICE**

Marc A. Weinberg, Esquire hereby certifies that he caused a copy of Plaintiff's Response to Defendant's Motion for Summary Judgment to be forwarded to the following parties on this date.

Colin D. Dougherty, Esquire
Margolis Edelstein
The Curtis Center
Fourth Floor
Independence Square West
Philadelphia, PA 19106-3304
(Via facsimile (215)-922-1772)


Honorable Norma L. Shapiro
United States District Court
Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street
Room 10614
Philadelphia, PA 19106
(Via hand delivery)


DATE:   November 18, 2004                       _____
                                                MARC A. WEINBERG, ESQUIRE